IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KENNETH GIERLOFF,**

    Plaintiff,

v.

**OCWEN, et al,**

    Defendants.

Civ. No. 6:15-cv-01311-MC

**ORDER**

MCSHANE, Judge:

For the following reasons, Defendants' Motion to Dismiss [#31] and Defendants' Motion for Summary Judgment [#38] are both **GRANTED**. This action is **DISMISSED with prejudice,** pursuant to Rules 41(b), 12(b), and 56(a) of the Federal Rules of Civil Procedure, and Defendants are awarded **$2,730.00** in sanctions, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

1 –ORDER

## BACKGROUND

This action was filed by plaintiff Kenneth Gierloff on 7/14/2015 [#1]. The Complaint was prepared by Plaintiff's attorney, Dennis Koho. On 8/29/2016, the Defendants filed a Motion to Dismiss [#31]. The Plaintiff never responded. On 11/3/2016, the Defendants filed a Motion for Summary Judgment [#38]. The Plaintiff never responded. On 6/2/2016, Mr. Koho filed a Motion to Withdraw as Attorney [#26], which was granted on 6/6/2016 [#27]. On 12/23/2016, Mr. Koho filed an unopposed motion to re-associate as counsel for the Plaintiff [#40]. The motion was granted [#41], and although plaintiff's counsel mentions recognizing that discovery expired on 8/29/2016, he did not address the pending Motion to Dismiss [#31] or Motion for Summary Judgment [#38]. During the interim period (June-December 2016) when he did not have counsel, the Plaintiff was mailed notices of deadlines. [#28; #30; #37].

On 2/13/2017, this Court issued an Order to Show Cause [#41], requiring the plaintiff to respond in writing by 2/21/2017 as to why this action should not be dismissed for lack of prosecution because he had failed to file a response to the Defendants' Motion to Dismiss or the Defendants' Motion for Summary Judgment. [#41]. Plaintiff has never responded to the Order to Show Cause or either of the dispositive motions.

## STANDARD OF REVIEW

Federal courts possess the undisputed authority to control their dockets and to dismiss cases that plaintiffs fail to prosecute. See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); See also *Ames v. Standard Oil Co.,* 108 F.R.D. 299, 301 (D.D.C. 1985). This power is reflected in Rule 41(b) of the Federal Rules of Civil Procedure, which allows for the dismissal of actions

2 –ORDER

when the plaintiff fails to prosecute it. A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. See *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). See also *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 499 (9th Cir. 1987). Courts have found that dismissal for failure to prosecute is "particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." *Ames v. Standard Oil Co.*, 108 F.R.D. 299 at 302 (D.D.C. 1985).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), this court has the authority to dismiss an action at any time, if it determines the action fails to state a claim on which relief may be granted. In federal court, dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Herhon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). The court may not supply essential elements that are not pleaded. *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). A *pro se* litigant will be given leave to amend her or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

In order to state a claim against a named defendant, a plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated her rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). *Polk v. Montgomery County*, 548 F. Supp. 613, 614 (D.Md. 1982). See also, *Morabito v. Blum*, 528 F.Supp. 252, 262 (S.D. N.Y. 1981).

3 –ORDER

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonably jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air., Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995) (citing *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1130 (9th Cir. 1994)). On a motion for summary judgment, "the moving party bears the initial burden to show the absence of a material and triable issue of fact; the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense." *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* Fed. R. Civ. P (56)(c). Where the non-moving party bears the burden of an issue at trial and the motion challenges that issue, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Crane v. Allen*, No. 3:09-cv-1303-HZ, 2012 WL 602432, at *2 (D. Or. Feb. 22, 2012).

Though all inferences should be drawn in favor of the non-moving party, the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson,* 477 U.S. at 247-48. Rather, the non-moving party must proffer evidence that could reasonably affect the outcome of the suit. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). The substantive law determines whether a disputed fact is material. *Richards*, 810 F.2d at 902.

4 –ORDER

## **DISCUSSION**

Here, Plaintiff has failed to respond to this Court's Order [#41] issued on 2/13/2017, which ordered the Plaintiff to show cause in writing by 2/21/2017, as to why this action should not be dismissed for failure to prosecute. On this basis alone, dismissal with prejudice is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure.

Dismissal is also appropriate under Rule 12(b) of the Federal Rules of Civil Procedure. According to Defendants' counsel, Plaintiff has failed to respond to their discovery requests, which served on 11/9/2015 and were initially due by 7/27/2016. [#31 at pp.1-2]. Plaintiff also failed to attend his 8/26/2016 deposition. [*Id*]. On 8/29/2016, the Defendants filed a Motion to Dismiss [#31], asking the Court to issue an Order dismissing Plaintiff's complaint as a discovery sanction for failing to respond to the discovery requests and missing the deposition. The Defendants further moved the court to award Defendants' $3,230.00 in monetary sanctions for their fees and costs incurred in attending Plaintiff's deposition and in bringing the motion to dismiss, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and Local Rule 37, 26-3, and 7(1) of the District of Oregon. [*Id* at p.2,10, and #32 at pp.4-5].

The Court agrees that sanctions are warranted in this case because the Plaintiff was aware of the deadlines and the deposition [#32 at p.3], yet failed to respond in any form. The Court finds that the Defendants' fees are reasonable and calculated accurately, with one exception: Because a Reply brief was never filed, Defendants' attorney fees for 2 hours under line "d" for "Anticipated time spent on Reply Brief" cannot be awarded. After subtracting $500.00 for this line item, Defendants are awarded **$2,730.00** in sanctions, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and Defendants' Motion to Dismiss [#31] is GRANTED.

5 –ORDER

Dismissal is also appropriate under Rule 56(a) of the Federal Rules of Civil Procedure, because by the Plaintiff failing to respond to any of the Defendants' Requests for Admission (see discussion above), he has admitted that he has no evidence to support his claims and therefore cannot create a triable issue of material fact on any claim. Since there is no genuine issue as to any material fact, Defendants' Motion for Summary Judgment [#38] is also GRANTED.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss [#31] and Defendants' Motion for Summary Judgment [#38] are both **GRANTED** and this action is **DISMISSED with prejudice,** pursuant to Rules 41(b), 12(b), and 56(a) of the Federal Rules of Civil Procedure, and Defendants are awarded **$2,730.00** in sanctions, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

IT IS SO ORDERED.

DATED this 1st day of March, 2017.

Michael J. McShane
United States District Judge